## PACIFIC DEVELOPMENT RADIO CO. (STATION KECA) v. FEDERAL RADIO COMMISSION.

### No. 5445.

Court of Appeals of District of Columbia.
Argued Nov. 2, 1931.
Decided Dec. 21, 1931.

Petition for Rehearing Denied Jan. 8, 1932.

Louis G. Caldwell and Arthur W. Scharfeld, both of Washington, D. C, for appellant.

Thad H. Brown, Gen. Counsel, and D. M. Patrick, Asst. Gen. Counsel, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

Appellant is the owner and operator of radio broadcasting station KECA, located at Los Angeles, Cal., and licensed to operate up-

on a frequency of 1,430 kilocycles, with power of 1 kilowatt, and unlimited time of operation.

The present appeal arises upon an application filed by the station with the Federal Radio Commission for an increase of power to 2½ kilowatts for daytime operation, with 1 kilowatt for nighttime operation as before, and permission to use a certain 5-kilowatt transmitter in broadcasting. The application was denied by the commission, whereupon this appeal was taken.

The commission has filed a motion for the dismissal of the appeal upon the ground that appellant's application was for a "construction permit," and that the decision denying such an application is not appealable; citing section 16, Radio Act of 1927, 44 Stat. 1162, 1169, as amended by Act of July 1, 1930, Public, No. 494, Seventy-first Congress, 46 Stat. 844 (47 USCA § 96).

█ We are of the opinion that the application was not for a construction permit, but for modification of an existing station license, and that the refusal to grant it is made appealable by the two statutes above cited.

The motion to dismiss the appeal is therefore overruled.

It is provided by the Act of July 1, 1930, supra, that the review by this court in case of such an appeal shall be limited to questions of law, and that findings of fact by the commission, if supported by substantial evidence, shall be conclusive, unless it shall clearly appear that the findings of the commission are arbitrary or capricious.

█ A review of the record convinces us that the decision in question is not contrary to law, nor is it arbitrary or capricious.

The facts as found by the commission upon the evidence disclose that station KECA now serves consistently with satisfactory signals during daytime the area within a radius of 12 to 15 miles of the transmitter, and with a fair signal a radius of 20 to 50 miles, which includes the greater part of the metropolitan area surrounding Los Angeles, with the exception of San Bernardino, 55 miles east of the city. The population within 15 miles of the transmitter is approximately 1,342,000 and within 50 miles 2,411,000. The requested increase in power will increase the daylight service range of the station between 25 and 60 per cent., dependent upon absorption conditions.

The Los Angeles metropolitan area now has 19 radio broadcasting stations (eight of which share time, using four frequency assignments; two stations sharing time on each). The basis of appellant's application therefore is not that the public have not adequate radio reception, but that station KECA does not succeed in reaching the entire area with its programs with more than a fair signal during daylight hours of operation.

The state of California is in the Fifth zone, as established by section 2 of the Radio Act of 1927, supra (47 USCA § 82). Under the Davis Amendment of March 28, 1928 (45 Stat. 373 [47 USCA § 89]), the zones defined by that Act are entitled to receive the allotment of equal radio facilities. It appears, however, that the Fifth zone already has assigned to it 91.08 units, or 11.08 units in excess of the allotment to which the zone is entitled under the commission's General Order No. 92. It appears also that the state of California now has assigned to it an excess of facility units as compared with the other states in the Fifth zone, and furthermore that the granting of this application would tend to preclude the granting of other pending applications for broadcasting facilities in communities in the state which do not now have adequate service.

The commission accordingly held upon the facts that the public interest, convenience, and/or necessity would not be served by granting the application for increased daytime power.

█ In view of this ruling, the request for permission to use a 5-kilowatt transmitter becomes of no importance to appellant. The request, however, was rightly refused by the commission upon the authority of its General Order No. 91, which limits a 1,000-watt station to the use of a 1,000-watt transmitter. This requirement is plainly within the reasonable regulatory authority of the commission, and does not offend against either statutory or constitutional provisions.

The present appeal was heard by the court together with the appeal in Durham Life Insurance Company v. Federal Radio Commission, 55 F.(2d) 537, and the decision in that case is reported concurrently herewith, and may be read in connection with this opinion.

The decision appealed from is affirmed, with costs.